IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KREIGHAMMER VONNJORDSSON,**

    **Petitioner,**

    v.

**WARDEN, OHIO STATE PENITENTIARY,**

    **Respondent.**

**CASE NO. 2:17-CV-949**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner indicates that he is presently incarcerated for corruption of a minor.[1] He complains that prison official refuse to provide him with sexual offender treatment and requests that the Court order prison officials to provide him with treatment.

Petitioner has failed to present an issue appropriate for federal habeas corpus relief. Section 2254(a) provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

---

[1] The Court notes, however, Petitioner, having already served his sentence for the charge of corruption of a minor, is presently in prison for murder and tampering with evidence. *State of Ohio v. Vonnjordsson*, No. 24157, 2009 WL 457919 (Ohio Ct. App. Feb. 25, 2009).

States." A petition for a writ of habeas corpus traditionally has been available when the petitioner is in custody or threatened with custody and the detention is related to a claimed constitutional violation. *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986). "'[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and. . . the traditional function of the writ is to secure release from illegal custody.'" *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Petitioner asserts that the Warden denied him access to sex offender treatment and instead encouraged him to kill himself. (Petition, at p.1.) This claim, if at all, relates to his conditions of confinement. Claims relating to the condition of a prisoner's confinement or treatment by prison officials may be brought in a civil action pursuant to 42 U.S.C. § 1983.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. The Clerk is **DIRECTED** to provide a copy of the Petition to Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.


Date:  November 1, 2017

 _s/ *Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**